# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAUL R. LONGSHORE, | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00592-RCJ-WGC |
| vs. | ) | |
| | ) | |
| LAKESIDE LENDING, LLC et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists nine causes of action: (1) Unfair Debt Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss. For the reasons given herein, the Court grants the motions. Plaintiff has moved to amend the Complaint to add a mortgage-backed security as a defendant. The Court denies that motion.

## I.    THE PROPERTY

Paul R. Longshore gave lenders Lakeside Lending, Inc. ("Lakeside") and National City Bank of Indiana ("NCBI") promissory notes in the amounts of $272,000 and $68,000, respectively, to purchase real property at 5088 Cassandra Way, Reno, NV 89523 (the

1  "Property"). (*See* First Deed of Trust ("FDOT") 1–3, Mar. 1, 2006, ECF No. 7-1; Second DOT
2  ("SDOT") 1–2, Mar. 1, 2006, ECF No. 7-2).  First Centennial Title Co. ("First Centennial") was
3  the trustee on both deeds of trust, and Mortgage Electronic Registration Systems, Inc. ("MERS")
4  was a party to neither deed of trust. (*See* FDOT 2; SDOT 1).  Lakeside (the first-position
5  mortgagee) assigned the first-position note and FDOT to NCBI (the second-position mortgagee)
6  one week after the purchase, giving NCBI both notes and DOTs. (*See* Assignment, Mar. 7, 2006,
7  ECF No. 7-4).  PNC Mortgage, successor by merger to National City Mortgage Co. ("PNC")
8  substituted Cal-Western Reconveyance Corp. on February 24, 2010. (*See* Substitution, Feb. 24,
9  2010, ECF No. 22-4). Ticor Title, as agent for LSI Title Agency, as agent for Cal-Western, filed
10 the notice of default ("NOD") based on a default of unspecified amount as of November 1, 2009.
11 (*See* NOD, June 3, 2010, ECF No. 7-5).  The state Foreclosure Mediation Program does not
12 apply to the Property. (*See* FMP Certificate, June 29, 2011, ECF No. 22-7).

**II.    ANALYSIS**

The foreclosure appears to have been statutorily proper. *See* Nev. Rev. Stat. § 107.080(2)(c) (2009).  The remaining claims fail for reasons given in substantively similar cases.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 2, 7, 21) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 35) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 6th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge